MORGAN, LEWIS & BOCKIUS LLP
Arjun P. Rao, Bar No. 265347
arjun.rao@morganlewis.com
Marcos D. Sasso, Bar No. 228905
marcos.sasso@morganlewis.com
2049 Century Park East, Suite 700
Los Angeles, CA 90067
Tel:   +1.310.907.1000
Fax:  +1.310.907.1001

Pilar Mae Hoye, Bar No. 357580
pilar.hoye@morganlewis.com
300 South Grand Avenue
Twenty-Second Floor
Los Angeles, CA  90071-3132
Tel:   +1.213.612.2500
Fax:  +1.213.612.2501

Attorneys for Defendant
JPMorgan Chase Bank, N.A.

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SP4RK OF HLT LLC d/b/a PRO BUILD KETO, a Delaware limited liability company,<br><br>Plaintiff,<br><br>vs.<br><br>JPMORGAN CHASE BANK, NATIONAL ASSOCIATION, an Ohio business trust; and DOES 1 through 5 inclusive,<br><br>Defendants. | Case No.  **'25CV0832 GPC JLB**<br><br>**DEFENDANT JPMORGAN CHASE BANK, N.A.'S NOTICE OF REMOVAL TO FEDERAL COURT**<br><br>[*Removed from Superior Court of California, County of San Diego, Case No. 25CU012121C*] |

**TO THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF CALIFORNIA AND TO PLAINTIFF AND ITS ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE THAT**, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, defendant JPMorgan Chase Bank, N.A. ("Chase") hereby removes the action entitled Sp4rk of HLT v. JPMorgan Chase Bank, N.A., et al., Case No. 25CU012121C, from the Superior Court of California in and for the County of San Diego (the "Action") to the United States District Court for the Southern District of California.

This Court has diversity jurisdiction over the Action under 28 U.S.C. § 1332(b) because it is between citizens of different states, described in further detail below, and the amount in controversy exceeds the sum or value of $75,000. Accordingly, removal is appropriate based on the following grounds.

**I.   REMOVAL IS TIMELY**

1. On or about March 7, 2025, Plaintiff Sp4rk of HLT LLC d/b/a Pro Build Keto ("Plaintiff") filed an unverified complaint for damages in the Action. Plaintiff served the Complaint on Chase on March 11, 2025. Accordingly, Chase has timely filed this Notice of Removal within 30 days of receipt of a copy of the initial pleading. See 28 U.S.C. § 1446(b). Pursuant to 28 U.S.C. § 1446(a), true and correct copies of all pleadings, process, and orders served on Chase are attached as Exhibit A and incorporated herein by reference.

2. On April 8, 2025, Chase filed an Answer in the Superior Court Action. Exh. B.

3. Chase is the only named and served defendant in the Action at this time.

4. No previous Notice of Removal has been filed or made with this Court for the relief sought herein.

## II. THE COURT HAS REMOVAL JURISDICTION OVER THE ACTION

5. This Court has original jurisdiction over this matter under 28 U.S.C. § 1332 on the basis of diversity jurisdiction because: (1) there is complete diversity of citizenship between Plaintiff and the non-nominal Defendants in this matter, and (2) the amount in controversy exceeds $75,000, exclusive of interest and costs.

### A. There Is Complete Diversity of Citizenship

6. This Action satisfies the complete diversity requirement of 28 U.S.C. § 1332(a)(1).

7. The citizenship of a limited liability company ("LLC") is based on the citizenship of all members of the LLC. See Johnson v. Columbia Props. Anchorage, LP, 437 F.3d 894, 899 (9th Cir. 2006); Platoon Invs., LLC v. Zapata, 2014 WL 12695570, *1 (C.D. Cal. Feb. 14, 2014) (quoting Johnson).

8. As alleged in the Complaint, Plaintiff is a Delaware limited liability company with is principal office located at 1320 York St., Apt. 8, Denver, CO 80206. See Ex. A (Compl. ¶ 1). Chase is informed and believes that as of the date of the filing of the Complaint (1) Plaintiff consisted of a single member, Victoria Marie Sparks, and (2) Ms. Sparks is a citizen of North Carolina. Thus, for diversity purposes, Plaintiff is a citizen of North Carolina, Delaware and/or Colorado.

9. Chase is a national banking association with its main office, as designated within its articles of association, in Ohio. As a result, Chase is a citizen of Ohio for purposes of removal. See 28 U.S.C. § 1348; Wachovia Bank v. Schmidt, 546 U.S. 303, 307 (2006) ("[A] national bank, for § 1348 purposes, is a citizen of the State in which its main office, as set forth in its articles of association, is located."); see also Spano v. JPMorgan Chase Bank, N.A., 521 F. App'x 66, 69 n.2 (3d Cir. 2013) ("For diversity purposes, Chase is a citizen of Ohio because it is a 'national bank' and its main office, as set forth in its articles of incorporation, is located in that state."); accord Blackman v. JPMorgan Chase, N.A., 2022 U.S. Dist. LEXIS 60243,

at *13 (E.D.N.Y. Mar. 31, 2022) ("Chase's articles identify Ohio as the location of its main office and therefore as its state of citizenship.").

### B.   The Amount in Controversy Exceeds $75,000

10.   The amount in controversy is the "amount at stake in the underlying litigation." Gonzalez v. CarMax Auto Superstores, LLC, 840 F.3d 644, 648 (9th Cir. 2016) (quoting Theis Rsch., Inc. v. Brown & Bain, 400 F.3d 659, 662 (9th Cir. 2005)). "[T]his includes any result of the litigation, excluding interests and costs, that 'entails a payment' by the defendant." Id. (internal quotation omitted).

11.   In demonstrating that the amount in controversy is satisfied, Chase does not concede liability or that Plaintiff is entitled to any amount of recovery. See, e.g., Lewis v. Verizon Commc'ns, Inc., 627 F.3d 395, 400 (9th Cir. 2010) (holding that in establishing "jurisdictional amount, [the moving party] need not concede liability for the entire amount, which is what the district court was in essence demanding by effectively asking [the moving party] to admit that at least $5 million of the billings were 'unauthorized' within the meaning of the complaint.").

12.   Plaintiff seeks to hold Chase liable for the alleged loss of $454,815.02. See generally Ex. A (Compl.). While Chase denies any and all liability to Plaintiff, the amount in controversy in this Action as pleaded exceeds $75,000, exclusive of interests and costs, as shown on the face of the Complaint. Ndulue v. State Farm Ins. Co., No. C-03-1104 SC, 2003 WL 21982707, at *1 (N.D. Cal. Aug. 11, 2003) ("[A]mount of damages averred on the face of the complaint [] generally determines the amount in controversy") (citing Crum v. Circus Circus Enters., 231 F.3d 1129, 1131 (9th Cir. 2000)); see also Sanchez v. Monumental Life Ins. Co., 102 F.3d 398, 403-04 (9th Cir. 1996).

13.   Therefore, this Court has jurisdiction over the Action pursuant to 28 U.S.C. § 1332, and the Action may be removed to this court under 28 U.S.C. §§ 1441 and 1446.

### III. ALL PREREQUISITES FOR REMOVAL HAVE BEEN SATISFIED

14. **Venue**. This Court is the proper district court for removal because the Action was filed in the Superior Court of the State of California for the County of San Diego, which is located within the United States District Court for the Southern District of California. See 28 U.S.C. §§ 1441(a) and 1446(a).

15. **Notice**. Chase will promptly serve Plaintiff with this Notice of Removal and will promptly file a copy of this Notice of Removal with the clerk of the state court in which the action is pending, as required under 28 U.S.C. § 1446(d).

16. **Consent**. As Chase is the only defendant that has been named and served in the action to date, consent is not required.

### IV. CONCLUSION

17. Accordingly, Chase hereby removes the Action from the Superior Court of the State of California in and for the County of San Diego to the United States District Court for the Southern District of California, such that all proceedings hereinafter in this matter take place in the United States District Court for the Southern District of California.

18. By this Notice of Removal, Chase does not intend to make any admissions of fact, law, or liability relating to the claims in the Complaint, and expressly reserves the right to make any and all defenses and motions necessary in its defense against Plaintiff's allegations.

19. If any question arises as to the propriety of the removal of this action, Chase respectfully requests the opportunity to present a brief and oral argument in support of its position that this case is removable.

| | | |
|---|---|---|
| 1 | Dated: April 8, 2025 | MORGAN, LEWIS & BOCKIUS LLP |

By  */s/ Arjun P. Rao*
Arjun P. Rao
Marcos D. Sasso
Pilar Mae Hoye
Attorneys for Defendant
JPMorgan Chase Bank, N.A.